### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SMART JUICES, LLC** | No. |
| **Plaintiff,** | |
| v. | Jury Trial Demanded |
| **LIVE SMART, LLC.** | |
| **Defendant.** | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Smart Juices, LLC, by and through its counsel, for its Complaint for Declaratory Judgment, alleges the following:

### Parties, Jurisdiction and Venue

1. Plaintiff Smart Juices, LLC (hereinafter "Smart Juices") is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 52 E. Union Blvd. Bethlehem, PA 18018.

2. Upon information and belief, Defendant Live Smart, LLC (hereinafter "LS") is a limited liability company organized and existing under the laws of the State of Michigan, having its principal office and place of business at 13305 Capital St., Oak Park, MI 48237.

3. This is an action for declaratory judgment of non-infringement and non-dilution of trademark rights under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists between Plaintiff and Defendant that

warrants the issuance of a judgment declaring that the Plaintiff Smart Juices, by its use of the mark SMART KIDS, and composite variations thereof including other terms and design elements (hereinafter "SMART KIDS Marks"), has not infringed, diluted, or otherwise violated the trademark rights of, or otherwise unfairly competed with, Defendant, either under the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* or applicable state law.

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5.  Upon information and belief, this Court has personal jurisdiction over Defendant in that Defendant advertises and promotes its business in the Commonwealth, and Defendant's acts will result in harm to Plaintiff's interests in the district.

6.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the relevant events giving rise to the claim occurred in this District, which give rise to the Complaint, to Smart Juices within the District.

**Factual Allegations**

7.  Plaintiff, Smart Juices, has developed and produced and is advertising and marketing fruit juices, cereal bars and fruit squeezes in connection with SMART KIDS. Exhibit 1 is a .pdf copy of the web page www.smart-kids.us.

8.  Defendant does not possess a prior registration or application.  Defendant in the Notice of Opposition alleges prior rights stating that defendant "has been marketing and selling goods bearing the mark SMART KIDS since at least early 2014."  *Notice of*

*Opposition, par. 4* (Exhibit 2). In addition, Defendant alleges they have "spent significant amounts marketing and selling SMART KIDS bars, as a result its marks have become valuable assets and principal symbols of [Defendant's] goodwill." *Notice of Opposition, par. 4* (Exhibit 2).

9. Plaintiff, Smart Juices filed with the United States Patent and Trademark Office (USPTO) Application No. 86/604,297 (hereinafter the '297 Application"). (Exhibit 3).

10. Plaintiff, Smart Juices filed the '297 Application for SMART KIDS in connection with vitamin and mineral supplements; vitamins; cereal bars; cereal based snack food; cookies; granola; granola snacks; granola-based snack bars; ready to eat, cereal derived food bars; ready-to-eat cereals; bottled drinking water; bottled water; coconut water; drinking water; flavored bottled water; flavored waters; spring water; and water beverage. Exhibit 3

11. The '297 Application was assigned to and examined by an Examining Attorney at the USPTO.

12. The '297 Application of Smart Juices was allowed to proceed for publication by the Examining Attorney.

13. On June 28, 2016, Defendant filed with the USPTO a Notice of Opposition that opposed the '297 Application, owned by Plaintiff Smart Juices. *Notice of Opposition* (Exhibit 2)

14. The facts alleged herein give rise to a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A declaratory judgment is necessary and appropriate at this time so that Plaintiff may ascertain its rights with respect to its SMART KIDS brand.

## COUNT I

### Declaration of Non-Infringement

15. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-14, inclusive of this Complaint.

16. Smart Juice's use of its SMART KIDS Marks is not an infringement of Defendant's alleged unregistered mark.

17. Smart Juice's use of its SMART KIDS Marks is not a dilution of Defendant's unregistered mark.  In addition, Defendant's mark is not famous.

18. Smart Juices' use of its SMART KIDS Marks results in no reasonable likelihood of confusion as to sponsorship, licensing or source between Defendant's registered or unregistered trademarks.

19. Smart Juices' use of its SMART KIDS Marks does not infringe or otherwise violate Defendant's alleged trademarks or other intellectual property rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Smart Juices prays that this Court enter judgment against Defendant as follows:

A.  An order be entered declaring that Smart Juices' use of its SMART KIDS Marks is not likely to cause confusion with respect to, or likely to dilute, Defendant's unregistered mark or any other alleged trademark rights, or other rights of Defendant.

B.  Granting such other and further relief as this Court may deem just and proper.

Dated:  October 6, 2016

                                                Respectfully Submitted,

                                                RIDDLE PATENT LAW, LLC

                                                By:      s/Charles L. Riddle/
                                                Charles L. Riddle, Esq. (PA 89,255)
                                                434 Lackawanna Ave.
                                                Suite 200
                                                Scranton, PA 18503
                                                (570) 344-4439 p.
                                                (570) 300-1606 f.
                                                charles@charleslriddle.com

                                                *Counsel for Plaintiff Smart Juices, LLC*